FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 01 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VAL SKLAROV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACTION FILE NO.: |
| ) | ~~18-CVE-0399~~ |
| CMA CGM (America), LLC, and ) | 1:18-cv-1827-TCB |
| Universal Relocations, Inc., ) | |
| Defendants. ) | |

**PLAINTIFF'S ACTION IN RESPONSE TO**
**NOTICE OF REMOVAL**

COMES NOW Val Sklarov ("Plaintiff"), in the above styled action, submits this response to removal in this above styled action without waiving any additional arguments against removal subject to oral arguments, without addressing any such action in relation to Universal Relocations, Inc., and without addressing any material arguments to the case at bar, showing this Honorable Court as follows:

1.

Plaintiff contends that service has been perfected properly according to Georgia Superior Court rules, and that any arguments to be made in contention of such proper service would be better served in the forum of the court originally filed in. The issue of service need not be decided by this Court prior to remand back to Georgia Superior Court.

2.

This action could not have been filed in Federal Court due to any federal question pursuant to 28 U.S.C. § 1331. Article III, Section 2 of the United States Constitution permits broad consideration for a federal court to review a case regarding a federal question so long as there is a federal ingredient. <u>Osborn v. Bank of the United States</u>, 9 Wheat. (22 U.S.) 738 (1824). However, 28 USC 1331 requirements must also be met, which the current case at bar fails. In order to satisfy 28 U.S.C. § 1331, a suit must arise under a particular law which causes the action. <u>American Well Works v. Layne</u>, 241 US 257 (1916). This is further detailed by <u>Louisville & Nashville R. Co. v. Mottley</u>, 211 U.S. 149 (1908), which stated, "and therefore, only suits based on federal law, not state law suits, are most likely to create federal question jurisdiction."

In Plaintiff's well-pleaded complaint, no violation of federal law is alleged. Further, no mention of damages based on a federal statute are requested. The case at bar considers a breach of contract in relation to goods stored in Georgia by corporations operating in Georgia. The Plaintiff has requested remedies pursuant to Georgia statutes and has not alleged that the transit of the goods in question have produced any violation under federal law. Any consideration of federal law in the case at bar exist only tangential to the breach of contract at issue.

3.

Defendants allege that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 due to complete diversity and satisfaction of the amount in controversy. The amount in controversy in the case at bar does not exceed $75,000. Congress effectuated the provision of § 1332 regarding amount in controversy as follows:

> The District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.

Plaintiff's complaint does not allege that the damages in controversy exceed $100,000, rather that the damages with interest, costs, and other such factors including punitive damages may exceed $100,000. The amount in controversy, although not calculated in the original complaint, equal less than $25,000 prior to costs, interest, and other consequential damages incurred by Plaintiff.

4.

Complete diversity of citizenship does not exist. 28 U.S.C. § 1332 demands that both the amount in controversy and complete diversity exist in order for a federal court to have jurisdiction. Defendant CMA CGM (America) LLC is a corporation registered with the Georgia Secretary of State and has a registered agent in Georgia. Defendant CMA CGM (America) LLC has a high volume of business and has a corporate office in Atlanta, Georgia. Defendant states that their principal place of business resides in Norfolk, Virginia but does not provide any

supporting documentation showing that Virginia is in fact their principal place of business. Defendant has a registered agent to accept service of process in Georgia according to the Secretary of State of Georgia. Defendant CMA CGM (America), LLC lists a corporate office on their website at 11605 Haynes Bridge Road Suite 450, Alpharetta, GA 30009. Plaintiff contends that without evidence to the contrary, defendant CMA CGM (America) LLC has corporate offices in Georgia, and that its principal place of business exists in Georgia.

5.

Complete diversity is lacking in the case at bar:

"A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e. only if there is no plaintiff and no defendant who are citizens of the same state." Wis. Dep't of Corrections v. Schacht, 524 U.S. 381, 388 (1998).

Universal Relocations, Inc. is a corporation incorporated in the state of Georgia and has its principal office address in Georgia, thus destroying complete diversity. Universal Relocations, Inc. is a defendant and a citizen of Georgia with Georgia Secretary of State filings showing its CEO residing in Georgia, and with no motion made on the part of this defendant this motion for removal is moot.

WHEREFORE, Plaintiff prays this Court remand this case back to the Superior Court of Georgia. Plaintiff additionally requests that this Court award attorney fees to attorney for Plaintiff in association with the research, preparation,

and argument involved with this motion. With such award, attorney for Plaintiff is prepared to present a motion to award attorney fees in association with a Court order determining such.

This 1st day of May, 2018.

Respectfully submitted,

_____
Paul R. Crockett II
Georgia Bar No. 327310
Counsel for Plaintiff

804 Windridge Dr.
Atlanta, Georgia 30350
(607) 742-3500 telephone
paul.crockettii@gmail.com email

## CERTIFICATE OF COMPLIANCE WITH LR 7.1(D)

Counsel for Plaintiff hereby certifies that **PLAINTIFF'S ACTION IN RESPONSE TO NOTICE OF REMOVAL** was prepared with Times New Roman font, size 14 font, as approved by the Court in LR 5.1 (B).

This 1st day of May, 2018.

Respectfully submitted,

*[signature]*

Paul R. Crockett II
Georgia Bar No. 327310
Counsel for Plaintiff

804 Windridge Dr.
Atlanta, Georgia 30350
(607) 742-3500 telephone
paul.crockettii@gmail.com email

## **CERTIFICATE OF SERVICE**

To certify that I have this this day served copies for all parties of note in this action a copy the **PLAINTIFF'S ACTION IN RESPONSE TO NOTICE OF REMOVAL** via first class U.S. mail:

> Universal Relocations, Inc.
> c/o Henry P. Gonzalez
> Gonzalez del Valle Law
> 1250 Connecticut Avenue, N.W.
> Suite 200
> Washington, D.C. 20036
> *Contact for Universal Relocations, Inc.*
>
> CMA CGM (America), LLC
> c/o Leslie K. Eason & Jeffrey M. Putnam
> 3455 Peachtree Road NE, Suite 1500
> Atlanta, Georgia 30326
> *Attorneys for Defendant CMA CGM (America), LLC*

Respectfully submitted,

/s/ Paul R. Crockett II
Paul R. Crockett II
Georgia Bar No. 327310
Counsel for Plaintiff

804 Windridge Dr.
Atlanta, Georgia 30350
(607) 742-3500 telephone
paul.crockettii@gmail.com email